(Supreme Court, Special Term, Erie County.  May 20, 1907.)

JUDGMENT—ENTRY—LIMITATION.

Plaintiff could enter a money judgment over 20 years after its rendition, the presumption, if any, of its payment, being rebutted by defendant's moving papers to vacate the judgment, wherein it is set forth that nothing has been paid on the demand; Code Civ. Proc. § 376, providing that certain money judgments are conclusively presumed to be satisfied after 20 years from the time the judgment creditor was first entitled to a mandate to enforce it, relating only to the remedy by action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 518–524, 1650, 1651.]

Action by Ludwig Puls and another against the New York, Lackawanna & Western Railroad Company.  Motion to vacate judgment against defendant.  Denied.

Chauncey J. Hamlin, for the motion.

F. F. Williams, opposed.

POUND, J.   The above action was begun in the Superior Court of Buffalo October 25, 1883, and tried January, 1885, by the court without a jury.  The learned judge presiding at the trial handed down his decision December 31, 1886, in which he found that the plaintiff was entitled to recover of the defendant the sum of $30 damages.  On February 15, 1907, more than 20 years after the decision had been handed down, plaintiff's attorney filed same and entered judgment thereon in Erie county clerk's office for $30 damages, $36 interest, and $124.64 costs, making in all the sum of $190.64.  Defendant moves to set aside and vacate this judgment for the reason that it was not entered until over 20 years from the date of the rendering of the decision.

The only question before the court is whether plaintiff was entitled to enter judgment.  The presumption, if any, that the amount awarded to plaintiff by the decision herein has been paid, is rebuttable (Matter of Looram, 73 Hun, 177, 25 N. Y. Supp. 877), and is rebutted by defendant's moving papers, wherein it is set forth that nothing has been paid on said demand.  The conclusive presumption arising under the 20-year statute of limitations (Code Civ. Proc. § 376) relates only to the remedy by action.  Kincaid v. Richardson, 25 Hun, 237.

Motion denied, with $10 costs.

---

SCHUCHMAN v. HOCHSTIM.

(Supreme Court, Appellate Term.  May 16, 1907.)

PAYMENT—EVIDENCE.

Where plaintiff sued as executor to recover $145 alleged to be due his testator and defendant pleaded payment to the extent of $130, held, that the evidence was insufficient to show a payment of more than $100.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by John P. Schuchman, as executor, etc., against Max Hochstim. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Benno Loewy, for appellant.

Joseph Kleiner, for respondent.

BRADY, J. Plaintiff sues as executor to recover $145 alleged to be due his testator, with interest from September 26, 1905. Defendant's answer pleads payment of the claim to the extent of $130, and alleges that "there is only due the plaintiff the sum of $15, which the defendant is willing to tender into court."

The only evidence of payment is given by a witness who testified that he was present at an interview when defendant and the testator talked about the bill, and witness saw defendant pay testator some money, and heard defendant say to testator, "I will pay you the bill, less $15 for the vest." Witness said there was a $100 bill and some bills of smaller denomination. He could not specify the denomination or amount. The evidence is not sufficient to show payment of more than $100.

The record is indefinite upon the question of tender. No proof of tender before suit was offered, and it does not appear from the record whether the amount admitted by the answer to be due was paid into court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.